**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGIANA MARGARET
MONTGOMERY-BROOKS,

       Plaintiff-Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT and RANDALL
BURNS,

       Defendants-Appellees.

No. 06-1012

(D. Colorado)

(D.C. No. 05-cv-363-MSK-OES)

---

**ORDER**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

Proceeding pro se, Georgiana Margaret Montgomery-Brooks has filed a petition for rehearing regarding our prior order and judgment, filed on July 10, 2006. In that order and judgment, we concluded that Ms. Montgomery-Brooks's federal court claims were barred by claim preclusion and the <u>Rooker-Feldman</u> doctrine. We further concluded that Ms. Montgomery-Brooks had failed to advance a reasoned, non-frivolous argument on appeal, and we therefore denied her motion to proceed in forma pauperis and dismissed the appeal.

In her petition for rehearing, Ms. Montgomery-Brooks correctly notes that she paid the filing fee on June 6, 2006. She also challenges our application of claim preclusion and the Rooker-Feldman doctrine.

We agree with Ms. Montgomery-Brooks that in light of her payment of the filing fee, her motion to proceed in forma pauperis was moot and we should not have addressed it. However, on the merits, we reaffirm our conclusion that the district court's dismissal of her claims was proper.
Accordingly, we VACATE our prior ruling denying Ms. Montgomery-Brook's motion to proceed in forma pauperis and direct that the docket correctly note that the fee was paid. We DENY Ms. Montgomery-Brook's petition for rehearing as to the merits of her claims, and, for the reasons set forth in our prior order and judgment, we reiterate our AFFIRMANCE of the judgment of the district court dismissing her claims.

Entered for the Court,


Robert H. Henry
United States Circuit Judge

F I L E D
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**July 10, 2006**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker
Clerk of Court**

GEORGIANA MARGARET
MONTGOMERY-BROOKS,

        Plaintiff-Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT and RANDALL
BURNS,

        Defendants-Appellees.

No. 06-1012

(D. Colorado)

(D.C. No. 05-cv-363-MSK-OES)

ORDER AND JUDGMENT[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

Proceeding pro se, Georgiana Margaret Montgomery-Brooks appeals the

district court's order dismissing her complaint on the grounds of claim preclusion

and the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). She seeks to proceed in forma pauperis. We deny her motion to proceed in forma pauperis and dismiss this appeal.

The record indicates that, prior to filing this federal case, Ms. Montgomery-Brooks sued the defendants Regional Transportation District and Randall Burns in a Colorado state court, seeking to recover damages for injuries that she sustained when a shuttle bus in which she was riding was hit by another vehicle. Following a bench trial, the state court ruled against her.

For substantially the same reasons as set forth by the district court, we agree that Ms. Montgomery-Brooks's federal court claims are barred by claim preclusion and the Rooker-Feldman doctrine.

As to claim preclusion, we note that under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." Argus Real Estate, Inc. v. E-470 Pub. Highway Auth., 109 P.3d 604, 608 (Colo. 2005). The first, second and fourth elements are clearly satisfied here. The state court entered a final judgment, and Ms. Montgomery-Brook's causes of action in this lawsuit arise out of the same accident for which she sought damages in state court. The defendants in this federal case were also named as defendants in the state court case.

As to the third element—"whether there exists identity of claims for relief," we note that it "is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies." Id. at 608-09. "Thus, claim preclusion bars relitigation not only of all claims actually decided, but of all claims that might have been decided if the claims are tied by the same injury." Id. at 609 (internal quotation marks omitted). Accordingly, even though Ms. Montgomery-Brooks has asserted a claim in this federal case that she did not assert in the state court case (seeking benefits under a Colorado statute), that claim could have been asserted in the state court case. Accordingly, the third element of claim preclusion is satisfied as well.

As to the Rooker-Feldman doctrine, we note that Ms. Montgomery-Brooks herself has characterized this action as an appeal of the state court ruling. See Aplt's Br. at 3; Aplt's Reply Br. at 16. The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, to the extent that she is appealing the state court judgment, Ms. Montgomery-Brooks's claims are also barred by the Rooker-Feldman doctrine.

Accordingly, Ms. Montgomery Brooks has failed to advance a reasoned, nonfrivolous argument in support of reversing the district court's dismissal of her action.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  We therefore DENY her motion to proceed in forma pauperis and DISMISS this appeal.

Entered for the Court


Robert H. Henry
United States Circuit Judge